## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL M. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1133 |
| | ) | District Judge Cathy Bissoon |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| COMMUNITY COLLEGE OF | ) | Re: ECF No. 72 |
| ALLEGHENY COUNTY and QUINTON | ) | |
| BULLOCK, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion to Deem as Admitted Defendants' Concise Statement of Material Facts, filed on behalf of the Community College of Allegheny County and Quinton Bullock ("Defendants"). ECF No. 72. After consideration of the motion and brief in support, and the brief filed in opposition to the motion by Plaintiff Daniel M. Carr ("Carr"), and for the following reasons, the motion is denied.

Defendants filed a Motion for Summary Judgment, pending before the Court at ECF No. 48 and, in compliance with Local Civil Rule 56(C)(1), also filed a 259-paragraph Concise Statement of Material Facts ("DCSMF"), ECF No. 49, an Appendix to the Concise Statement of Material Facts, ECF No. 50, and a Brief in Support of the Motion for Summary Judgment, ECF No. 51. Defendants contend that Carr's Response to Defendant's Concise Statement of Material Facts and Additional Concise Statement of Material Facts ("Response"), ECF No. 65, violates Local Civil Rule 56(C)(1) and, consequently, those facts that have not been properly denied with appropriate record citations should be deemed admitted for purposes of summary judgment. ECF No. 72 at 2-3.

1

Local Rule 56(C) sets forth the requirements for a party to file a Responsive Concise Statement as follows:

> **1. A Responsive Concise Statement.** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
>
> > **a.** admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
> >
> > **b.** setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LCvR 56.B.1 for instructions regarding format and annotation); and
> >
> > **c.** setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment;

LCvR 56(C). See also Mattis v. Overmyer, No. 1:16-CV-00306, 2019 WL 2542283, at *2 (W.D. Pa. June 20, 2019), *reconsideration denied*, No. 1:16-CV-00306, 2019 WL 5745513 (W.D. Pa. Nov. 5, 2019).

As indicated, Rule 56(C)(1)(a) requires a responding party to "admit or deny whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material." LCvR 56(C)(1)(a). "In clarifying what qualifies as an 'appropriate reference to the record' [to support a denial] the Rule refers to LCvR 56.B.1, which states that such references must 'cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact.'" Rozier v. United Metal Fabricators, Inc., No. CIV.A. 3:09-257, 2012 WL 170197, at *2 (W.D. Pa. Jan. 19, 2012) (deeming as admitted all facts set forth in defendants' Concise Statement of Undisputed Facts but restating the general principle that the plaintiff as the nonmoving party is

given "the benefit of the doubt" as to any material facts raised in the remaining relevant pleadings, including his own Concise Statement of Material Facts, the parties' briefs, and any exhibits and/or other portions of the record cited to therein).

In opposition to Defendants' motion, Carr denies that the Local Civil Rule 56 requires more than the content of his Response. ECF No. 75. Carr asserts that certain of the paragraphs that Defendants identify "were denied because they are not material or relevant to the disposition of this case." ECF No. 75 at 5.  As to paragraphs that require credibility determinations, Carr points out that he responded to each numbered paragraph and, rather than cite to particular evidence in his denials, he set forth 234 additional "counter" factual statements with citations to the pleadings and appendices. Id. Carr asserts that these additional facts and record citations are responsive to the DCSMF and are sufficient to preclude the entry of summary judgment in the Defendants' favor. Id. at 5-6.

To that end, Carr relies on the language in Local Civil Rule 56(E) as authorizing the use of a counterstatement of the facts in lieu of the individual responses that contain record citations. Local Civil Rule 56(E) provides that:

> **E.  Admission of Material Facts.**  Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

LCvR 56(E). Thus, according to Carr, since he filed a counter statement of facts, he has sufficiently denied the factual allegations in the DCSMF and is not subject to having any of the Defendants' facts deemed admitted.

Although certain of the facts set forth by Defendants may not be relevant or material, Carr has failed to satisfy the requirements and the spirit of Local Rule 56(C)(1) by failing to respond to the factual assertions in the DCSMF with citations to evidence to support his denials. The purpose of the rule is clear: "[c]oncise statements of material fact isolate the disputed facts and assure that the parties have produced materials in the record to support their underlying claims." Cuppett v. Rite Aid of Pennsylvania, Inc., No. 3:18-CV-14, 2019 WL 5310578, at *1 n.1 (W.D. Pa. Oct. 21, 2019). Carr states that his approach was intended to preserve "judicial economics." ECF No. 75 at 4. Instead, the Court was hampered in its review of the extensive record presented by the parties, and forced to determine whether the asserted facts were otherwise controverted by his separate concise statement of facts or accurately reflected therein.

That said, because Carr's counsel presents an extensive counterstatement of facts with "appropriate citations" to the record as provided for in Local Rule 56(E), the Court in this instance only will not deem admitted the denials to the DCSMF that are not accompanied with references to the record. Going forward, counsel is advised that this Court will strictly enforce the requirements of Local Rule 56(C). Therefore, for the reasons set forth herein, IT HIS HEREBY ORDERED that the Motion to Deem as Admitted Defendants' Concise Statement of Material Facts, ECF No. 72, is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate

rights.

Dated: February 22, 2022                              BY THE COURT:


                                                      */s/ Maureen P. Kelly*
                                                      MAUREEN P. KELLY
                                                      UNITED STATES MAGISTRATE JUDGE



cc:     The Honorable Cathy Bissoon
        United States District Judge

        All counsel of record by Notice of Electronic Filing