IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL M. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1133 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| COMMUNITY COLLEGE OF | ) | Magistrate Judge Maureen P. Kelly |
| ALLEGHENY COUNTY and QUINTON | ) | |
| BULLOCK, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On February 22, 2022, the Magistrate Judge issued a Report (Doc. 79) recommending that the Court deny Defendants' Motion for Summary Judgment (Doc. 48). Service of the Report and Recommendation ("R&R") was made on the parties, and Defendants have filed Objections. See Doc. 80. Plaintiff has filed a Response to the Objections. See Doc. 82.[1]

Defendants' Objections are overruled. Defendants object to the Magistrate Judge's pretext analysis for three reasons: alleged failure to analyze purportedly undisputed facts regarding Plaintiff's accessing of pornographic websites or his explanations for doing so; misplaced reliance on the discrepancies relating to the timing of Defendants' computer

---

[1] The Response to the Objections addresses both Defendants' Objections to the R&R (Doc. 80) and Defendants' Objections to the Magistrate Judge's Order denying Defendants' Motion to Deem as Admitted Defendants' Concise Statement of Material Facts (Doc. 81).

investigation and Plaintiff's theory that Defendants also terminated two other employees in retaliation for protected activity; and an alleged failure to require proof that Defendants' reason for termination was false yet could be considered a post hoc fabrication. All these objections essentially relate to Defendants' theory that Plaintiff accessed pornography on his Community College of Allegheny County ("CCAC") computer, which was a violation of CCAC's Acceptable Use Policy, and that his reason for doing so—investigating to make sure CCAC was not implicated on pornography websites—is not plausible.

The specifics with respect to Plaintiff's access of pornographic websites and his reasons for doing so are disputed. The Magistrate Judge indicates in her R&R that the record is disputed, but acknowledges that at the very least, the record shows Plaintiff acknowledged he visited pornography websites on his CCAC computer. See R&R at 6 n.6. Nevertheless, irrespective of whether or not Plaintiff violated CCAC's Acceptable Use Policy, irrespective of the specifics of the number, times and frequency of Plaintiff's visitation of pornography websites, and irrespective of whether or not Plaintiff's purported investigation in the interests of CCAC is believable, the crux of the pretext analysis is whether or not Plaintiff can show that a reasonable factfinder may find that the proffered reason for termination lacked credence and that Defendants acted in retaliation. The Magistrate Judge properly found that Plaintiff had created a genuine issue of material fact as to Defendants' proffered legitimate, non-retaliatory reason by pointing to discrepancies relating to the timing and scope of the investigation that led to his termination and by presenting evidence that other employees who filed EEOC charges had been terminated.[2] R&R at 15-18. Defendants' disagreement with this view does not change the summary judgment analysis. The Court's role at this stage of litigation is not to weigh the facts or make credibility

---

[2] Whether one employee may have voluntarily retired is a factual dispute. See R&R at 17-18.

determinations, but to discern whether there are material factual disputes that must be resolved at trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Defendants also object to the Magistrate Judge's purported failure to apply stigma-plus requirements with respect to the Fourteenth Amendment claim.  This objection goes to the heart of the issue — whether Plaintiff was terminated for viewing pornography or for a retaliatory reason.  While it is undisputed Plaintiff accessed pornography on his CCAC computer at some point, whether that was the reason for his termination remains a factual dispute.  In sum, Defendants' filing does not undermine the Magistrate Judge's well-reasoned analysis.

Finally, on February 22, 2022, the Magistrate Judge issued an Order (Doc. 78) denying Defendants' Motion to Deem as Admitted Defendants' Concise Statement of Material Facts (Doc. 72).[3]  On March 8, 2022, Defendants filed Objections arguing that Defendants believe the Motion should have been granted, and Plaintiff's non-compliance with Local Rule 56.C.1 hampered the Magistrate Judge's analysis in the R&R since, in their view, many pertinent statements of fact were not considered by the Magistrate Judge.  Doc. 81.  Defendants speculate this "may be due in whole or in part because these facts were not treated as admitted." Id. at 2.  By way of example, they provide a non-exhaustive list of such facts, which the Court has reviewed.  These facts relate to Plaintiff accessing pornography on his CCAC computer and his purported reasons for doing so — these facts are again, as discussed above with respect to the Objections to the R&R, material to the case but were not dispositive for the Magistrate Judge's pretext analysis.  As such, Defendants' Objections (Doc. 81) are overruled.

---

[3] Because this Motion involved a procedural aspect of a dispositive matter, the Court believes Magistrate Judge Kelly should have prepared an R&R rather than issuing an Order.  Therefore, the Court has undertaken a *de novo* review of Defendants' Objections to this Order, and will treat the Order as an R&R.

Accordingly, and after a *de novo* review of the pleadings and documents in the case, the following Order is entered: Defendants' Motion for Summary Judgment (Doc. 48) is **DENIED**, and the R&R (Doc. 79) is adopted as the Opinion of the District Court. The Magistrate Judge's Order denying Defendants' Motion to Deem as Admitted Defendants' Concise Statement of Material Facts (Doc. 78)—which for these purposes will be considered an R&R—is also adopted as the Opinion of the District Court.

IT IS SO ORDERED.


March 23, 2022                                                             s\Cathy Bissoon
                                                                                        Cathy Bissoon
                                                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record

4